# EXHIBIT A

Case 1:22-cv-00085-SEG   Document 1-1   Filed 01/07/22   Page 2 of 20

**E-FILED**
21EV007339
12/8/2021 1:56 PM
Christopher G. Scott, Clerk
Civil Division

**GEORGIA, FULTON COUNTY**

DO NOT WRITE IN THIS SPACE

**STATE COURT OF FULTON COUNTY**
Civil Division

CIVIL ACTION FILE #: _____

W. A. GRIFFIN, M.D.
550 PEACHTREE STREET NE SUITE 1490
ATLANTA    GA    30308

Plaintiff's Name, Address, City, State, Zip Code

vs.

Blue Cross Blue Shield
Healthcare Plan of Georgia, Inc
c/o CT Corporation System
289 S Culver Street
Lawrenceville, Georgia 30046

Defendant's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $ _____ |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $ _____ |
| [X] TORT | |
| [ ] PERSONAL INJURY | ATTY. FEES $ _____ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $ _____ |
| [ ] SPECIAL LIEN | |
| ************ | |
| [X] NEW FILING | |
| [ ] RE-FILING: PREVIOUS CASE NO. _____ | |

**SUMMONS**

TO THE ABOVE NAMED DEFENDANT:

You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name: W. A. GRIFFIN, MD
Address: 550 PEACHTREE STREET NE SUITE 1490
City, State, Zip Code: ATLANTA, GEORGIA 30308     Phone No.: 4045234223

An answer to this complaint, which is herewith served upon you, must be filed within thirty (30) days after service, not counting the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSES MAY BE MADE & JURY TRIAL DEMANDED**, via electronic filing or, if desired, at the e-filing public access terminal in the Self-Help Center at 185 Central Ave., S.W., Ground Floor, Room TG300, Atlanta, GA 30303.

Christopher G. Scott, Chief Clerk (electronic signature)

---

**SERVICE INFORMATION:**
Served, this _____ day of _____, 20_____.     _____
                                                          DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

**WRITE VERDICT HERE:**
We, the jury, find for _____

This _____ day of _____, 20_____.     _____ Foreperson

**(STAPLE TO FRONT OF COMPLAINT)**

FULTON STATE COURT

| | |
|---|---|
| W.A. GRIFFIN, M.D. | ) |
| | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| BLUE CROSS BLUE SHIELD | ) |
| HEALTHCARE PLAN OF GEORGIA, INC. | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| Defendant, | |

COMPLAINT

W.A. GRIFFIN, M.D.
PROSE
550 Peachtree Street N.E.
Suite 1490
Atlanta, Georgia 30308
(404) 523-4223  wagriffinerisa@hotmail.com

## INTRODUCTION

PLAINTIFF W. A. Griffin, M.D. alleges against Defendant as follows:

## I. JURISDICTION AND VENUE

I. This Court has subject matter jurisdiction over this action pursuant 28. U.S.C. 1331, because the action arises under the laws of the United States, pursuant to 29 U.S.C 1332(e)(l), because claimant seeks to enforce rights under the Employment Retirement Income Security Act ("ERISA"). This Court is the proper venue for this action pursuant to 28 U.S.C. 1391(a), because Defendant conducts business operations in this Judicial District.

## II. THE PARTIES

### A. PLAINTIFF

2. W. A. Griffin, MD is a resident and medical provider in Fulton County, Georgia. Plaintiff, as a condition of service, requires patients to assign his or her health insurance benefits and rights to sue for breaches of fiduciary. Plaintiff received an assignment of benefits and rights *(emphasis added)* for every claim at issue in this litigation. Plaintiff has standing to pursue the claims for relief in this Complaint as an assignee of the member's benefits and rights under the health plan and rights under ERISA. Medical providers have derivative standing to sue under ERISA. *Cagle v. Bruner*, 112 F.3d. 1510, 1515 (11th Cir. 1997)

## B. BLUE CROSS BLUE SHIELD HEALTHCARE PLAN OF GEORGIA, INC.

3. Plaintiff is informed and believes that Defendant Blue Cross Blue Shield Healthcare Plan of Georgia, Inc. is an ERISA plan fiduciary in its role as a "Host Plan" and/or "Home Plan" based upon its contractual role in the Blue Card Program.[1]

4. In some cases, the Host Plan is Blue Cross Blue Shield Healthcare Plan of Georgia, Inc. Some participants in this case were seen outside of the Home Plan service area and have services provided in Georgia. Blue Cross Blue Shield Healthcare Plan of Georgia, Inc., in its role as the Host Plan, processes claims, accepts appeals, accepts medical records, processes appeals, and sets the fee schedule for CPT codes in its geographic region and communicates back and forth with the Home Plan with each provider claim and appeal that is submitted in Georgia.

---

[1] The Blue Card program requires that provider claims, appeals, document requests, and medical records are submitted to the local Host plan *(See* Provider Manual for the Blue Card Program https://www.anthem.com/docs/inline/PM_GA_00004.pdf )

5. In other cases, Blue Cross Blue Shield Healthcare Plan of Georgia, Inc. is the Home Plan. This means that the company has a direct third party administrative (TPA) services agreement with a self-funded Georgia based employer and/or is the plan administrator for its fully insured plans *within* the state of Georgia. Blue Cross Blue Shield Healthcare Plan of Georgia, Inc., in its role as the Home Plan, processes claims, accepts appeals, accepts medical records, processes appeals, and sets the fee schedule for CPT codes in its geographic region and communicates back and forth with each provider claim and appeal that is submitted in Georgia.

6. Upon information and belief, Blue Cross Blue Shield Healthcare Plan of Georgia has contractual relations and assignments *(emphasis added)* through the multi-state Blue Card program that permit each Blues "brother" entity to act of each other's behalf in a fiduciary capacity for ERISA claims, appeals, and document request. The entire point of the program is to permit a *single,* contact for all services rendered within the State of Georgia. [2]

---

[2] Other Blue Cross companies and/or ERISA plan administrators may be added to this lawsuit *if* necessary

7. Blue Cross and Blue Shield Healthcare Plan of Georgia (hereafter, "Blue Cross") has, in its role as a claim fiduciary through the Blue Card program and/or the local Home and/or Host plan has failed to process Plaintiff's claims.

8. Blue Cross can be served with process at its agent, CT Corporation System 289 Culver Street, Lawrenceville, Georgia 30046.

### III. Background of Conflict Between Blue Cross and Dr. Griffin

9. For nearly a decade, Dr. Griffin has experienced non-stop drama with Blue Cross. In Dr. Griffin's experience as a business owner and provider that *exclusively* files all her claims over the past 19 years, Blue Cross continues to be the most corrupt, crime-prone insurer that she has come across.[3] And, it will do nearly anything to cheat and steal money from providers, plan administrators, and members. Dr. Griffin has sued and <u>will continue</u> to sue until she is paid and/or provided equitable relief, justice, and statutory rights. Dr. Griffin has a stack of violations and crimes perpetrated by Blue Cross that sits over 6 feet high that can be whipped out at any time now or in the future.

---

[3] These comments are a direct result of *actual, real experiences* that Dr. Griffin has encountered over the past decade with Blue Cross.

10. Dr. Griffin has been subjected to corporate bullying at the hands of Blue Cross to the extreme. For years, Blue Cross has failed to answer appeals, has never overturned an adverse benefit determination under ERISA, has ignored her request for payments, has illegally sent her payments to patients (even with a written assignment of benefits in accordance with the state law), has paid private insurance claims at Medicare rates ( while it collects full, private pay premiums), has never acknowledged that she has a valid assignee of benefits, has generated bogus claims rejection notices, has evaded dozens of insurance commissioner complaints with "out of jurisdiction" responses, has gotten reported to the Department of Labor dozens of times, and has hired corrupt Fortune 500 law firms that further enable it to be successful in its illegal conduct.

11. Even though Dr Griffin has sued Blue Cross and some Blue Cross-associated plan administrators without success in the past, now, it simply refuses to process her claims. This is a major breach of its fiduciary duty under the Blue Card program, state laws, and ERISA laws.

---

*See-* **Sample of Litigation Related to Blue Cross and/or is affiliated plan administrators**
Griffin v. Blue Cross and Blue Shield Healthcare Plan of Ga., Inc., et al, No. 1:14-cv-1610-AT (N.D. Ga. filed May 28, 2014); Griffin v. S. Co. Servs., Inc., No. 1:15-cv-0115-AT (N.D. Ga. filed Jan. 14, 2015); Griffin v. SunTrust Bank, Inc., No. 1:15-cv-0147-AT (N.D. Ga. filed Jan. 16, 2015); Griffin v. FOCUS Brands Inc., No. 1:15-cv-0170-AT (N.D. Ga. filed Jan. 20, 2015); Griffin v. Health Sys. Mgmt., Inc., No. 1:15-cv-0171-AT (N.D. Ga. filed Jan. 20, 2015); Griffin v. Lockheed Martin Corp., No. 1:15-cv-0267-AT (N.D. Ga. filed Jan. 28, 2015); Griffin v. Gen. Mills, Inc., No. 1:15-cv-0268-AT (N.D. Ga. filed Jan. 28, 2015); Griffin v. Oldcastle, Inc., No. 1:15-cv-0269-AT (N.D. Ga. filed Jan 28, 2015); Griffin v. Habitat for Humanity Int'l, Inc., No. 1:15-cv-0369-AT (N.D. Ga. filed Jan 28, 2015); Griffin v. Verizon Commc'ns, Inc., No. 1:15-cv-0569-AT (N.D. Ga. filed Feb. 26, 2015); Griffin v. General Electric Co., No. 1:15-cv-4439-AT (N.D. Ga. filed Dec. 22, 2015); Griffin v. Navistar, Inc., No. 1:16-cv-0190-AT (N.D. Ga. filed Jan. 21, 2016); Griffin v. Sevatec, Inc., No. 1:16-cv-0390-AT (N.D. Ga. filed Feb. 9, 2016); Griffin v. Cassidy Turley Commercial Real Estate Services, Inc., No. 1:16-cv-0496-AT (N.D. Ga. filed Feb. 17, 2016); Griffin v. Americold Logistics, LLC, No. 1:16-cv-0497-AT (N.D. Ga. filed Feb. 17, 2016); Griffin v. Applied Industrial Technologies, Inc., No. 1:16-cv-0552-AT (N.D. Ga. filed Feb. 23, 2016); Griffin v. Areva, Inc., No. 1:16-cv-0553-AT (N.D. Ga. filed Feb. 23, 2016); Griffin v. FOCUS Brands, Inc., No. 1:16-cv-0791-AT (N.D. Ga. filed Mar. 10, 2016)

## IV.  FACTS

12. Patient N.R. presented to the provider on June 6, 2021 and October 1, 2021 for medical treatments. The claims totaled $600 and $4500 respectively. Instead of processing the claim, Blue Cross deleted the claim from its system and sent an automatically generated form letter that stated "..Resubmit with correct billing NPI or submit provider maintenance form to have this billing NPI added..".

13. Patient N.R.'s claim is an out of area claim through the Blue Card program. The Plan Administrator is Crestline Hotels and Resorts. Currently, Dr. Griffin does not believe that Crestline is aware of this breach of fiduciary duty. The claim never reached the Home Plan, CareFirst BlueCross BlueShield. The claim never reached the Plan Administrator.

14. Patient M.C. presented to the provider for emergency services on 12/30/2020. The claim totaled $2,000. Instead of processing the claim in accordance with the Affordable Care Act's mandate for emergency services, Blue Cross denied the claim.

15.     The Plan Administrator is Crestline Hotels and Resorts. Currently, Dr. Griffin believes that Crestline is aware of this breach of fiduciary duty. It should have a copy of the claim in its file. The Home Plan, CareFirst BlueCross BlueShield, is aware of this breach of fiduciary duty.

16.   The same member, Patient M.C., was treated again on September 16, 2021. The claim totaled $7,800.00. The claim was submitted to Blue Cross. Instead of processing the claim, Blue Cross deleted the claim from its system and sent an automatically generated form letter that stated "..Resubmit with correct billing NPI or submit provider maintenance form to have this billing NPI added..".

17.   Patient M.C.'s claims are out of area claims through the Blue Card program. The Plan Administrator is Crestline Hotels and Resorts. Currently, Dr. Griffin does not believe that Crestline is aware of this breach of fiduciary duty. The claim never reached the Home Plan, CareFirst BlueCross BlueShield. The claim never reached the Plan Administrator.

18. Patient K.B. presented to the provider on June 28, 2021 for medical treatments. The claim totaled $2600 dollars. Instead of processing the claim, Blue Cross deleted the claim from its system and sent a automatically generated form letter that stated "..Resubmit with correct billing NPI or submit provider maintenance form to have this billing NPI added.. and Please verify tax id and NPI".

19. Patient K.B.'s claim is an out of area claim through the Blue Card program. The Plan Administrator is Hyatt Corporation. Currently, Dr. Griffin does not believe that Hyatt is aware of this breach of fiduciary duty. The claim never reached the Home Plan, BlueCross BlueShield of Illinois. The claim never reached the Plan Administrator.

20. Patient M.S. presented to the provider on September 3, 2021 for medical treatments. The claims totaled $1500. Instead of processing the claim, Blue Cross deleted the claim from its system and sent a automatically generated form letter that stated "..Resubmit with correct billing NPI or submit provider maintenance form to have this billing NPI added..".

21.     Patient M.S.'s claim is plan fully insured and administered by Blue Cross in accordance with Georgia insurance law. Certainly, Blue Cross is aware of its own breaches of fiduciary duty.

22.     Patient J.F. presented to the provider on October 13, 2021 for medical treatments. The claims totaled $1,100. Instead of processing the claim, Blue Cross deleted the claim from its system and sent an automatically generated form letter that stated "..Resubmit with correct billing NPI or submit provider maintenance form to have this billing NPI added..".

23.     Patient J.F's claim is an out-of-area claim through the Blue Card program. The Plan Administrator is Anthem Blue Cross Life and Health Insurance Company located in California. It is a fully insured plan. Currently, Dr. Griffin does not believe that Anthem Blue Cross Life and Health Insurance Company is aware of this breach of fiduciary duty by another brother Blues entity. The claim never reached the Plan Administrator.

24.     Patient J.R. presented to the provider on July 20, 2021 for medical treatments. The claims totaled $1300. Instead of processing the claim, Blue Cross deleted the claim from its system and sent an automatically generated form letter that stated "..Resubmit with correct billing NPI or submit provider maintenance form to have this billing NPI

added..".

25. Patient J.R.'s claim is an out of area claims through the FHEB program. The Plan Administrator is U.S. Office of Personnel Management. Currently, Dr. Griffin does not believe that U.S. Office of Personnel Management is aware of this breach of fiduciary duty. Blue Cross is the Home Plan. The claim never reached the Plan Administrator.

26. Patient P. C. presented to the provider on June 3, 2021 for medical treatments. The claims totaled $800. Instead of processing the claim, Blue Cross deleted the claim from its system and sent a automatically generated form letter that stated "..Resubmit with correct billing NPI or submit provider maintenance form to have this billing NPI added..".

27. Patient P.C.'s claim is a local claim administered by Blue Cross. It should be aware of its own willful fiduciary breach.

28. Patient N.J. presented to the provider on July 15, 2021 for medical treatments. The claims totaled $1100. Instead of processing the claim, Blue Cross deleted the claim from its system and sent an automatically generated form letter that stated "..Resubmit with correct billing NPI or submit provider maintenance

form to have this billing NPI added..".

29. Patient N.J.'s claim is an out-of-area claims through the Blue Card program. The Plan Administrator is the University of Texas Health System and the TPA agreement for the contract is registered with the Home Plan, Blue Cross and Blue Shield of Texas. The claim never reached the Plan Administrator or Blue Cross and Blue Shield of Texas.

30. There are many other cases and/or breaches. However, the focus of this lawsuit is a handful of cherry-picked claims.

31. As a direct and proximate result of Defendant's willful failure to process claims, Dr. Griffin's small, solo, minority-owned business has suffered an economic injury.

32. As a direct and proximate result of Defendant's willful failure to process claims, Dr. Griffin has not been able to supplement her retirement savings through the small business operations.

33. As a direct and proximate result of Defendant's willful failure to process claims, Dr. Griffin has not been able to supplement her employee's retirement contributions through the small business operations.

## V. Blue Cross's Actions Are Retaliation Against Dr. Griffin

34. Because Dr. Griffin has sued Blue Cross and/or its plan administrators over the years, Blue Cross's breach of its fiduciary obligation to process claims is one hundred percent retaliatory in nature. Up until now, Blue Cross has received claims and processed claims with Dr. Griffin's national provider number and tax ID number for <u>nineteen</u> years.

35. Dr. Griffin's NPI and tax ID numbers have not changed in nineteen years.

36. Blue Cross's refusal to process claims is a violation of its role in the Blue Card program as a claim's fiduciary.

37. Blue Cross's refusal to process claims is a violation of Georgia state insurance law.

## VI. Dr. Griffin's Assignment of Rights

38. Every patient in this matter expressly signed an assignment of benefits and rights. The relevant parts of the assignment state the following:

**This is a direct assignment of my rights and benefits under this policy and designation of authorized representative.**

- ☐ A photocopy of this Assignment shall be considered as effective and valid as the original.
- ☐ <u>I hereby authorize the above named provider(s) to release all medical information necessary to process my claims under HIPPA</u> to any insurance company, adjuster, or attorney involved in this case for the purpose of processing claims, claim appeals, grievances, and securing payment of benefits. I hereby authorize any plan administrator or fiduciary, insurer and my attorney to release to such provider(s) any and all plan documents, insurance policy and/or settlement information upon written request from such provider(s) in order to claim such medical benefits, reimbursement or any applicable remedies. I authorize the use of this signature on all my insurance and/or employee health

benefits claim submissions

☐ This assignment of right and benefits is valid for my provider to stand in my shoes and pursue claims for benefits, statutory penalties, breach of fiduciary duty, any ERISA claim matter, and any state claim. The assignment is valid to sue employers, plan administrators, third party administrators, and <u>any</u> entity related to the administration of my health benefit plan including the federal government, local government, non-ERISA plan and/or claims administrators.

## VII. Claim For Relief

### Breach of Fiduciary Duty and for Equitable Relief Including Waiver, Estoppel and Surcharge, Injunctive Relief and/or any other such appropriate discretionary relief, under ERISA Plan – 29 U.S.C. Sections 1132

39. Plaintiff incorporates by reference all previous paragraphs of this Complaint as if set forth fully herein.

40. ERISA Section 502(a)(3), 29 U.S.C. Section 1132(a)(3)(B) permits a plan participant or beneficiary or assignee such as Dr Griffin to bring a civil action against fiduciaries such as Defendant to obtain "other appropriate equitable relief," including the equitable remedies of waiver, estoppel, injunctive relief and "surcharge" (i.e., make-whole relief), or any other such discretionary relief, in order to redress the fiduciary's violations of ERISA or an ERISA plan.

41. At all times relevant herein, a fiduciary relationship existed between Plaintiff and Defendant, who was and is a Plan fiduciary. Defendant as an assignee under the contractual terms of the Blue Card program, the claims fiduciary under its local TPA local agreements, and/or its role as the administrator of its fully insured plans and/or

self-funded plans at issue in this lawsuit is a fiduciary. *See* 29 U.S.C. § 1002(21)(A)(i), (iii) ("[A] person is a fiduciary with respect to a plan to the extent (i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, . . . or (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan.").

42. Defendant, as a Plan fiduciary, further owed Dr. Griffin a duty of utmost loyalty and care to accept and process claims, in good faith, in a manner that was in the best interests of Dr. Griffin, who is an assignee of rights and authorized representative under the terms of all the plans in accordance with Georgia insurance laws and/or ERISA in this lawsuit. As a fiduciary, Defendant owed Dr. Griffin a duty to cause no harm. Under ERISA it is illegal to retaliate against plan participants and/or assignees for exercising their ERISA rights in the form of claim submissions.

43. Plaintiff also seeks an injunction to prohibit Blue Cross from continuing to delete Dr. Griffin's claims and to halt bogus claim rejections notices. *See Mertens v. Hewitt Assocs.*, 508 U.S. 248, 256 (1993) ("Congress intended 'equitable relief' to include . . . types of relief that were available in equity, such as injunction, mandamus, and restitution."

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that this Court grants the following relief against Defendant:

1. For equitable relief, including waiver, equitable estoppel and surcharge, and/or any other such relief as the court deems proper, in its equitable discretion,

2. For injunctive relief preventing Defendant from deleting Dr. Griffin's claims and/or mandate that Blue Cross appoint Dr. Griffin an in-house claims agent that will oversee her claims to make sure that they are processed.

3. For injunctive relief mandating Defendant be removed as a claim fiduciary in the Blue Card program (if this can be accomplished).

4. For any such other and further relief as this Court deems just and proper.

12/08/2021

/s/W. A. Griffin, M.D.
W. A. Griffin, M.D.
550 Peachtree Street NE Atlanta, Georgia 30308
(404) 523-4223
wagriffinerisa@hotmail.com

Case 1:22-cv-00085-SEG   Document 1-1   Filed 01/07/22   Page 20 of 20

**State Court of Fulton County**
**\*\*E-FILED\*\***
**21EV007339**
**12/22/2021 5:28 PM**
**Christopher G. Scott, Clerk**
**Civil Division**

# AFFIDAVIT OF SERVICE

**State of Georgia**   **County of Fulton**   **State Court**

Case Number: 21EV007339

Plaintiff:
**W.A. GRIFFIN, M.D.**

vs.

Defendant:
**BLUE CROSS BLUE SHIELD HEALTHCARE PLAN OF GEORGIA, INC.**

Received by Kimberly Greenway Services, LLC to be served on **Blue Cross Blue Shield Healthcare Plan Of Georgia c/o CT Corporation System — Registered Agent, 289 S. Culver Street, Lawrenceville, GA 30046**.

I, Kimberly Greenway, being duly sworn, depose and say that on the **9th day of December, 2021** at **9:50 am**, I:

served **Blue Cross Blue Shield Healthcare Plan Of Georgia c/o CT Corporation System — Registered Agent** by personally serving **Jane Richardson, Process Specialist** located at **289 S. Culver Street, Lawrenceville, GA 30046** with: SUMMONS; COMPLAINT;.

**Description** of Person Served: Age: 69, Sex: F, Race/Skin Color: White, Height: 5'9", Weight: 215, Hair: Dark Blonde, Glasses: Y

I certify that I am over the age of 18, have no interest in the above action.

Subscribed and Sworn to before me on the 9th day of December, 2021 by the affiant who is personally known to me.

NOTARY PUBLIC

(Seal: RICHARD BENITO, NOTARY PUBLIC, EXPIRES 09-14-2025, GEORGIA, DAWSON COUNTY)

Kimberly Greenway
GCPS #206

Kimberly Greenway Services, LLC
505 Lakeland Plaza
Suite 308
Cumming, GA 30040
(404) 487-6085

Our Job Serial Number: KGS-2021003093

Copyright © 1992-2021 Database Services, Inc. - Process Server's Toolbox V8.1g

Copy from re:SearchGA